### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF KANSAS

| | |
|---|---|
| EMPLOYERS REINSURANCE CORPORATION d/b/a GE INSURANCE SOLUTIONS.<br><br>              Plaintiff,<br><br>vs.<br><br>CWM INSURANCE LTD.,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 05-2517-JWL-DJW<br>)<br>)<br>)<br>)<br>) |

### STIPULATED PROTECTIVE ORDER

WHEREAS the parties to this action believe that certain information that will be disclosed or may be sought in discovery constitutes trade secrets or other confidential financial or commercial information, including business process and strategy information encompassing the core of the parties' businesses, within the meaning of Fed. R. Civ. P. 26(c).

Therefore, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, pursuant to Federal Rule of Civil Procedure 26(c), that, subject to the Court's approval, the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation.

1.      Any party or non-party about whom information or material has been or will be produced to any party in connection with this Litigation (a "Designating Party") may designate any material as "Confidential" under the terms of this Order if the Designating Party believes in good faith that such material contains non-public, confidential, proprietary, or

commercially or personally sensitive information that requires the protections provided in this Order ("CONFIDENTIAL MATERIAL").

2. Non-parties who produce documents in accordance with the provisions of this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree in writing to be bound hereby.

3. The designation of CONFIDENTIAL MATERIAL shall be made in the following manner: (a) in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any confidential material and noting on the first page or otherwise labeling any CONFIDENTIAL MATERIAL with the legend "CONTAINS CONFIDENTIAL MATERIAL", provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Designating Party may so designate a document within 60 days after such document has been produced, with the effect that such document is subject to the protections of this Order;and (b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within 20 days of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed CONFIDENTIAL MATERIAL. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. A party or non-party that inadvertently fails to designate CONFIDENTIAL MATERIAL or mis-designates CONFIDENTIAL MATERIAL shall be entitled to make correction of its designation within a reasonable time after discovery of the non- or mis-designation. The correction shall be in writing and shall be accompanied by substitute copies of the discovery material appropriately designated.

- 2 -

4. If any party contends any document has been erroneously designated as CONFIDENTIAL MATERIAL all parties shall nevertheless treat the document as CONFIDENTIAL MATERIAL unless and until such party either (a) obtains the Designating Party's written permission to do otherwise, or (b) obtains an order of this Court finding the document is not a CONFIDENTIAL MATERIAL.  On any motion to the Court regarding a claim of confidentiality, the Designating Party shall have the burden of establishing its claims of confidentiality for the documents at issue on the motion. A party shall not be obligated to challenge a designation of CONFIDENTIAL MATERIAL at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

5. CONFIDENTIAL MATERIAL may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons: (a) the parties to the Litigation (including present and former officers, directors, agents, brokers, representatives, and employees of the parties), counsel for the parties, and regular and temporary employees of such counsel necessary to assist in the conduct of the Litigation and outside photocopying, data processing, and graphic production services employed by counsel for the parties to assist in this Litigation; (b) experts or consultants necessary to assist counsel for the parties in the conduct of this Litigation; (c) witnesses or deponents (other than present and former directors, officers, agents, brokers, representatives, or employees of the parties), and their counsel, including during the course of, to the extent necessary, interviews by counsel for the parties or their employees or preparation for depositions or testimony in this Litigation; (d) the Court, Court personnel, and similar personnel; (e) any person who authored, received, or is mentioned in the CONFIDENTIAL MATERIAL, and (f) any other person only

2030522v1

- 4 -

upon order of the Court or upon stipulation of the party that produced the CONFIDENTIAL MATERIAL.

6. Every person given access to CONFIDENTIAL MATERIAL or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraph 5(b), who are given access to CONFIDENTIAL MATERIAL or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto.

7. The Parties shall make reasonable efforts to avoid filing CONFIDENTIAL MATERIAL with the Court.  A party seeking to file confidential information under seal shall first file a motion with the Court and be granted leave to file the particular document under seal. All documents which have been designated as "Confidential," and which are filed with the Court, shall be filed under seal in an envelope bearing the following designation:

<u>CONFIDENTIAL</u>

THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, TO MEMBERS OF ANY JURY CONSIDERING THIS CASE, TO THE COURT OR TO COURT PERSONNEL.

8. This Order has no effect upon, and shall not apply to, the parties' use of their own CONFIDENTIAL MATERIAL for any purpose or to any CONFIDENTIAL MATERIAL that is publicly available or that is obtained independently by the Receiver (unless due to a violation of this Order).

9. The provisions of this Order shall continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

10. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which CONFIDENTIAL MATERIAL is permitted to be used, and upon the written request of the Designating Party, all persons having received CONFIDENTIAL MATERIAL shall either make a good faith effort to return such material and a copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such CONFIDENTIAL MATERIAL and certify that fact. However, counsel for the parties shall be entitled to retain court papers and filings, deposition and trial transcripts and exhibits, and attorney work product.

11. If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was designated as "Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile or electronic transmission within five (5) business days after receipt of such subpoena, demand or other legal process, to those who produced or designated the material "Confidential" and shall not produce the material so requested until ten (10) business days after giving such notice, unless required to do so by the subpoena, demand, or other legal process. Nothing herein obligates the person subject to the subpoena, demand, or other legal process to make a motion or otherwise take legal action or appear before any court or administrative body in opposition to a motion or other legal process seeking the disclosure of CONFIDENTIAL MATERIAL.

12. Entering into, agreeing to, and/or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular document or information contains or reflects trade secrets or any other type of confidential information; (b) prejudice in any way a party's right to object to the production of documents or other discovery;

- 6 -

(c) prejudice in any way a party's right to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence; (d) prejudice in any way a party's right to seek a determination by the Court whether any material should be subject to the terms of this Order; (e) prejudice in any way a party's right to petition the Court for a further protective order relating to any purportedly confidential information, or (f) act as a waiver of any legally cognizable privilege to withhold CONFIDENTIAL MATERIAL or any right to assert such privilege at any stage of this Litigation.

13.     This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval by the Court.

IT IS SO ORDERED

Dated in Kansas City, Kansas this 4th day of August 2006.

s/ David J. Waxse
United States Magistrate Judge

# **EXHIBIT A**

I was retained by counsel for one of the parties in the action entitled "<u>Employers Reinsurance Corporation vs. CWM Insurance LTD.</u>"  During my work on this action I received, saw, and/or reviewed certain materials or information which was designated as CONFIDENTIAL MATERIALS within the terms of the "Stipulated Protective Order".

As a condition to my being permitted to receive, see, and/or review any CONFIDENTIAL MATERIALS, I read the aforementioned Stipulated Protective Order, and agreed to be bound by its terms.  I hereby certify that I have complied with its terms in full.

I understand that the Stipulated Protective Order is legally binding upon me.  I hereby agree to submit to the jurisdiction of the United States District Court for the District of Kansas in Kansas City, Kansas, for enforcement of any claimed violation of the terms of the Stipulated Protective Order, and agree that such jurisdiction shall survive the termination of the above-referenced actions.

_____
[Signature of Proposed Recipient]

2030522v1

Respectfully submitted,

| SHOOK, HARDY & BACON L.L.P. | WALDECK, MATUZZI & SLOAN |
|---|---|
| By: __s/ Douglas Beck_____<br>　　Robert T. Adams, KS.FED. #70628<br>　　Douglas S. Beck, KS.FED. #70743<br><br>　　2555 Grand Boulevard<br>　　Kansas City, Missouri  64108-2613<br>　　Telephone:  (816) 474-6550<br>　　Facsimile:    (816) 421-5547<br><br>ATTORNEY FOR EMPLOYERS REINSURANCE CORPORATION | By: __s/ Michael E. Waldeck_____<br>　　Michael E. Waldeck<br><br>　　112th and State Line<br>　　1181 Overbrook Road, Ste. 200<br>　　Leawood, KS 66211<br>　　Telephone:  (913) 235-2500<br>　　Facsimile: (913) 253-2501<br><br>PRETI FLAHERTY<br>　　Christopher D. Nyhan<br>　　Randall B. Weill<br><br>　　One City Center<br>　　P.O. Box 9546<br>　　Portland, ME 04112-9546<br>　　Telephone:  (207) 791-3000<br>　　Facsimile: (207) 791-3111<br><br>ATTORNEYS FOR CWM INSURANCE LTD. |

2030522v1